IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–1261–MJR−SCW |
| | ) |
| **MARTIN,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

*Pro se* Plaintiff Michael Widmer filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Widmer alleges multiple employees at Lawrence Correctional Center ("Lawrence") violated his constitutional rights. District Judge Reagan's threshold review found that the complaint contained at least six (6) different claims, thus many of his claims were either dismissed or severed into separate lawsuits. The present claim against Defendant Martin survived threshold review and was opened in a separate case **(Doc. 1)**. Widmer alleges Defendant Martin denied him medical treatment by failing to provide adequate care for his eye disorder **(Doc. 1)**. The case comes before the Court on Plaintiff's first and second motions for the Court to recruit of counsel. The latter renders the former **(Doc. 8)** **MOOT**, and the Court, for the reasons explained below, declines to recruit counsel for Mr. Widmer.

As a litigant in a civil case, Mr. Widmer has neither a Constitutional nor a statutory right to counsel. **Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007)**. This Court, however, has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. **Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).** Determining whether to appoint counsel is a two-step inquiry: (1) has

the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? **Pruitt, 503 F.3d at 654–655.** The first inquiry is a threshold question that must be satisfied before the Court considers the second prong. **Id. at 655.**

Mr. Widmer has submitted two letters denying representation and a postage receipt showing no response by a third attorney **(Doc. 8, 3-5)**. Mr. Widmer has also submitted one letter requesting additional information before a decision for representation can be made, and another letter from a firm that does not "handle the type of matters" Mr. Widmer addressed in his letter **(Doc. 13-2)**.

Here, even assuming Mr. Widmer passes the threshold analysis, he does not pass the second inquiry which asks, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" **Pruitt, 503 F.3d at 654.** Competency to litigate includes the tasks that normally attend litigation: evidence gathering; preparing and responding to motions and other court filings; and trial. **Id. at 655.** The difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. **Id.** Moreover, the inquiry is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. **Id.** Though there are no fixed requirements for determining a plaintiff's competence to litigate his case, the Court considers several factors (known as the *Pruitt* factors), including the plaintiff's literacy, communication skills, educational level, and litigation experience. **Id.**

At this stage of the case, Mr. Widmer appears competent to litigate the case himself, especially at this early stage of the litigation. **See Romanelli v. Suliene, 615 F.3d 847, 852 (7th Cir. 2010) (denial of request for counsel was reasonable because it was impossible for Court to determine *pro se* plaintiff's ability to litigate his claim).** Mr. Widmer claims to "have no knowledge of law," and, in his most recent motion, Mr. Widmer includes a letter from an attorney

representing him in a criminal matter who claims that Mr. Widmer is "struggling mentally" and has issues recalling facts. Neither is the standard. The question is whether he is competent to litigate his case, not whether a lawyer would present the case more effectively than the *pro se* plaintiff. **Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006) (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997)).** At present, the case is not overly complex. Mr. Widmer's allegations against Defendant Martin are straight-forward. The materials that Mr. Widmer has submitted to the Court thus far are clear, well-organized, and reflect his ability to understand both his claims and the information necessary to support them.

So the Court declines to appoint counsel for Mr. Widmer. Should the case increase in complexity as it moves forward, or should discovery become overly burdensome, the Court will be willing to revisit recruitment of counsel at that time. But for now, Mr. Widmer's motion to recruit counsel (**Doc. 13**) is **DENIED without prejudice** and his earlier motion to recruit counsel (**Doc. 8**) is found **MOOT**.

IT IS SO ORDERED.

DATE:  March 26, 2013

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge