IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST.LOUIS DIVISION

| | | |
|---|---|---|
| MICHAEL WIDMER, #B-30985, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-1261-MJR-SCW |
| | ) | |
| PHILLIP MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT[1]**

NOW COMES the Defendant, PHILLIP MARTIN, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and in response to Plaintiff's Complaint, states the following:

Claim I. Denial of Medical Treatment

1. At all times relative to this complaint, I was in the control and custody of the defendants at Lawrence Correctional Center, hereinafter K-75.

**ANSWER: Defendant admits that Michael Widmer is currently incarcerated at Lawrence Correctional Center. Defendant admits Widmer has been incarcerated at Lawrence Correctional from June 19, 2012 through the present.**

2. All defendants were acting under the color of state law at all times of allegations in this complaint.

**ANSWER: Defendant admits the allegations contained in paragraph two.**

---

[1] Pursuant to the January 7, 2013 Order issued in the instant case, the Court severed the Complaint into several different actions. The only remaining claim in this action is Count One. To the extent that there are any remaining claims, Defendant denies same.

1

3. I transferred to K75 on June 19, 2012. Upon arriving I submitted request to defendant Martin for medical treatment from an eye doctor and eye glasses. I have an eye disorder of which causes my vision to be blurred, my head to hurt and impairs my ability to read, write or see very well.

**ANSWER: Defendant admits that Michael Widmer was transferred to Lawrence Correctional Center on June 19, 2012. Defendant admits that Widmer was recently diagnosed with myopia and needs eyeglasses. As to the remaining allegations of this paragraph, Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and as such, denies same.**

4. My request went unanswered so I filed several more and then filed multiple grievances seeking eye treatment.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and as such, denies same.**

5. Counselor Strubhart answered several grievances stating I was on the waiting list.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and as such, denies same.**

6. After 6 months of being denied medical treatment and having injured myself several times due to not being able to see objects close to me, I filed this complaint.

**ANSWER: Defendant admits that Widmer submitted a grievance indicating that he could not see and hit a shelf. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph and as such, denies same.**

7. I informed defendants Treadway, Hodge, and Martin in person and in writing I was in need of medical treatment being eye care and was totally denied.

**ANSWER: Defendant denies that he was ever notified in person that Widmer was in need of eye treatment. Defendant lacks sufficient recollection to admit or deny the remainder of the allegations in this paragraph and as such, denies same.**

### JURY DEMANDED

Defendant demands a trial by jury in this matter.

### RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

1) At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

2) Plaintiff is barred from recovery for mental or emotional injuries without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

3) To the extent Plaintiff seeks damages from Defendant in his official capacity, Defendant is protected from liability by the Eleventh Amendment.

4) To the extent Plaintiff failed to exhaust his administrative remedies, Plaintiff's action is barred pursuant to the Prison Litigation Reform Act.

5) Plaintiff's claim for injunctive relief is barred by the Eleventh Amendment.

        Respectfully Submitted,

        PHILLIP MARTIN,

            Defendant,

        LISA MADIGAN, Attorney General
        State of Illinois,

            Attorney for Defendant,

By: s/ Jennifer M. Lutzke
        Jennifer M. Lutzke, #6299388
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois 62706
        Phone: (217) 782-9014
        Fax: (217) 524-5091
        E-Mail: jlutzke@atg.state.il.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST.LOUIS DIVISION

| | | |
|---|---|---|
| MICHAEL WIDMER, #B-30985, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-1261-MJR-SCW |
| | ) | |
| PHILLIP MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, I electronically filed the foregoing *Defendant's Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on April 5, 2013, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Widmer #B-30985
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

Respectfully Submitted,
 s/ Jennifer M. Lutzke
Jennifer M. Lutzke, #6299388
Assistant Attorney General
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-9014
Fax: (217) 524-5091
E-Mail:  jlutzke@atg.state.il.us